UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――― X
Marsil Vayda, individually and on behalf of all others similarly situated;

                       Plaintiff,

        vs.

GC Services Limited Partnership,

                       Defendant.
―――――――――――――――――――――――――――― X

Civil Action No.:

**CLASS ACTION COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff, Marsil Vayda (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorney, Caelyn T. Canace, against GC Services Limited Partnership (hereinafter Defendant GC ) individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").
2. Plaintiff is seeking damages and declaratory relief.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).
4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.
5. At all relevant times, Defendant GC conducted business within the State of New York.
6. Venue is also proper in this district under 28 U.S.C. §1391(b)(2) in that the Plaintiff resides in Kings County.

## PARTIES

7. Plaintiff, Marsil Vayda, is an individual who is a citizen of the State of New York residing in Kings County, New York.
8. Plaintiff is a natural person allegedly obligated to pay a debt.
9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).
10. On information and belief, Defendant GC Services Limited Partnership, and can be served process upon the CT Corporation System at 28 Liberty Street, New York, New York 10005.
11. Defendant GC regularly collects or attempts to collect debts asserted to be owed to others.
12. Defendant GC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.
13. The principal purpose of Defendant's business is the collection of such debts.
14. Defendant GC uses the mails in its debt collection business.
15. Defendant GC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

16. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).
17. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices" 15 U.S.C. §§1692(b) & (c).
18. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

19. Among the rights provided by 15 U.S.C. §1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification. And under 15 U.S.C. §1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including of the "character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A). These two provisions should be read in harmony with each other. See *Taylor v. Fin. Recovery Servs., Inc.,* 886 F.3d 212, 215 (2d Cir. 2018).

20. Even when the initial validation notice is adequate, a defendant "may still be liable under §1692g and §1692e(10) if it sends a subsequent communication within the validation period that 'overshadows or contradicts' such notice." *Roman v. Rgs Fin.*, 2019 U.S. Dist. LEXIS 152372, *8, (E.D.N.Y Sept. 6, 2019) (citing *Barrientos v. Law Offices of Mark L. Nichter*, 76 F.Supp.2d 510, 513 (S.D.N.Y 1999)), see also *Russell*, 74 F.3d at 34 -35.

21. "An immediate demand for payment effectively contradicts a validation notice if it fails to explain that its demand [does] not override the consumer's right under Section 1962g." *Savino v. Comp. Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).

22. "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell*, 74 F.3d at 35.

23. Section 1692e mainly targets practices that take advantage of a debtor's naivete or lack of legal acumen." *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 136 (2d Cir. 2017).

24. "A representation is 'deceptive' under §1692e if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* at 135 (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

25. Even if a representation is deceptive within the meaning of § 1692e, it must be a material misrepresentation in order to give rise to liability. *Navon v. Schachter Portnoy, L.L.C.*, 2019 U.S. Dist. LEXIS 155175, *8-9, 2019 WL 4306403.

26. "The materiality inquiry focuses on whether the false statement would "frustrate a consumer's ability to intelligently choose his or her response." *Cohen v. Rosicki, Rosicki & Associates, P.C.*, 897 F.3d 75, 86 (2nd Cir. 2018).

27. To determine if an act or omission has violated the FDCPA, the Second Circuit applies the "least sophisticated consumer" standard. *Avila v. Reixinger & Assocs., LLC*, 817 F.3d 72, 75

(2d Cir. 2016).

28. The least sophisticated consumer is an objective standard designed to protect "consumers, even the naive and the trusting, against deceptive debt collection practices." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

29. Also circumstances of the particular debtor in question have no bearing to the questions of whether there has been a violation of the FDCPA. See *Easterling,* 692 F.3d at 234.

30. Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008). Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

31. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against the debt collector. *Id*.

32. Finally, it is well-established that for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole. *Campagna v. Client Servs.*, 2019 U.S. Dist. LEXIS 208164, *13, 2019 WL 6498171. See *Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d, 128, 132 (E.D.N.Y 2007); *see also Eger v. Southwest Credit Sys., L.P.*, No. 17-cv-819, 2019 U.S. Dist. LEXIS 62657, 20191574802, *4 (E.D.N.Y. Apr. 11, 2019).

### ALLEGATIONS SPECIFIC TO PLAINTIFF

33. Defendant GC alleges Plaintiff owes a debt ("the alleged debt").
34. Upon information and belief, the alleged debt is an obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.
35. The alleged debt does not arise from any business enterprise of Plaintiff.
36. The alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. At an exact time known only to Defendant GC, the alleged debt was assigned or otherwise transferred to Defendant GC for collection.
38. Upon information and belief, at the time the alleged debt was assigned or otherwise transferred to Defendant GC for collection, the alleged debt was in default.
39. In its efforts to collect the alleged debt, Defendant GC contacted Plaintiff by letter ("the May Letter") dated May 26, 2020. (A true and accurate copy is annexed hereto as **Exhibit A**).
40. In its efforts to collect the alleged debt, Defendant GC contacted Plaintiff by letter ("the June Letter") dated June 16, 2020. (A true and accurate copy is annexed hereto as **Exhibit B**).
41. The May Letter and the June Letter (collectively referred to as the "Letters") conveyed information regarding the alleged debt.
42. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).
43. The May Letter was the **initial** written communication Plaintiff received from Defendant GC concerning the alleged Debt.
44. The Letters were received and read by Plaintiff.
45. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant GC deprived Plaintiff of this right.
46. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant GC. As set forth herein, Defendant GC deprived Plaintiff of this right.
47. Plaintiff's injury is "particularized" and "actual" in that the Letters that deprived Plaintiff of the aforementioned rights were addressed and sent to Plaintiff specifically.
48. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letters, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.
49. Plaintiff has been misled by Defendant's conduct.
50. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

51. Plaintiff's injury is "particularized" and "actual" in that the Letters deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.
52. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.
53. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.
54. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.
55. A favorable decision herein would redress Plaintiff's injury with money damages.
56. A favorable decision herein would serve to deter Defendant from further similar conduct.

## COUNT I
### Violation of 15 U.S.C. §§ 1692g, 1692e and 1692e(10)
### As to the June Letter read in conjunction with the May Letter

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.
58. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.
59. The written notice must contain the amount of the debt.
60. The written notice must contain the name of the creditor to whom the debt is owed.
61. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
62. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.
63. The written notice must contain a statement that, upon the consumer's written request within

63. ... the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

65. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

66. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

67. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

68. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

69. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. §1692g(b).

70. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. §1692g(b).

71. Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. §1692g(b).

72. The May Letter dated May 26, 2020 was the initial communication and included a 30-day validation period.

73. The June Letter dated June 16, 2020 demands payment during the 30-day validation period.

74. The June Letter states as follows:

> We'd like to let you know that our client, Citibank, N.A., has authorized us to make you a settlement offer on your account. If you pay 60% of the New Balance, our client will consider your account settled.
>
> This is an excellent opportunity to take care of your account. If you wish to take advantage of this offer, either call our office at 866-678-4573 or mail us your payment of $1,933.83.

75. The June Letter further sets the deadline which infringes upon 30-day period as follows:

> Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void. Please understand our client is not obligated to renew this offer.

76. Plaintiff's validation period ran until June 26, 2020

77. The June 16, 2020 Letter includes an offer that must be "received" by Plaintiff by June 30, 2020.

78. The June Letter contains no statement pertaining to Plaintiff's rights following the payment demand.

79. The June Letter fails to advise that the payment demand does not override the Plaintiff's right to dispute the alleged Debt.

80. The June Letter fails to advise that the payment demand does not override the Plaintiff's right to request validation of the alleged Debt.

81. The June Letter fails to advise that the payment demand does not override the Plaintiff's right to request the name and address of the original creditor.

82. Defendant's settlement offer would likely make the least sophisticated consumer uncertain as to her rights.

83. The least sophisticated consumer, upon reading such payment demand, could reasonably interpret the June Letter to mean that even if she exercises her validation rights, she must nevertheless make a payment.

84. The least sophisticated consumer, upon reading such payment demand, and in the absence of any further explanation, could reasonably interpret the June Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless make a payment even during the verification process.

85. As a result of the foregoing, the June Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

86. As a result of the foregoing, the June Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

87. As a result of the foregoing, such payment demand would likely make the least sophisticated consumer confused and uncertain as to her rights.

88. Defendant's demand for immediate payment inhibits the least sophisticated consumer's right to contest her debt.

89. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the

disclosure of the consumer's right to dispute the alleged Debt, and/or to request validation of the alleged Debt.

90. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

91. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

92. Defendant violated 15 U.S.C. §1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

93. Defendant violated 15 U.S.C. §1692g by unfairly offering a settlement to Plaintiff which was available during the thirty (30) days validation and dispute period provided by the FDCPA.

94. The settlement offer which required the consumer that the settlement "be received no later than 14 days from [June 16, 2020]" before the 30 days dispute period after receipt of the May 26, 2020 Letter expired overshadows Plaintiff's right to dispute the debt during the entire 30-day window.

95. 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

96. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

97. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. §1692e even if it does not fall within any of the subsections of 15 U.S.C. §1692e.

98. A collection letter violates 15 U.S.C. §1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

99. A collection letter also violates 15 U.S.C. §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

100. Requiring that a settlement offer be "received" during the 30-day validation period, would mislead the least sophisticated consumer into disregarding her rights under the validation notice.

101. Requiring that a settlement offer be "received" during the 30-day validation period deceptively shortens verification notice.

102. Requiring that a settlement offer be "received" during the 30-day validation period

contradicts verification notice.

103. Explicitly directing that a settlement offer be "received" during the 30-day validation period, would create an impression the least sophisticated consumer that she has less than 30 days to dispute the debt.

104. The least sophisticated consumer could reasonably interpret the June Letter to mean that even if she exercises her validation rights, she must nevertheless make a payment.

105. The least sophisticated consumer, upon reading such payment demand, and in the absence of any further explanation, could reasonably interpret the June Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless make a payment even during the verification process.

106. Because the June Letter is open to more than one reasonable interpretation it violates 15 U.S.C. §1692e.

107. Because the June Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §1692e.

108. For the foregoing reasons, Defendant violated 15 U.S.C. §§1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## COUNT II
### Violation of 15 U.S.C. §1692f, *et seq.*

109. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

110. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692f.

111. Pursuant to 15 U.S.C. §1692f, a debt collector may not use an unfair or unconscionable means in connection with the collection of any debt.

112. Defendants violated this section by unfairly offering a settlement to Plaintiff which was only available for a period of time which was less than the thirty (30) day validation and dispute period provided to consumers under the FDCPA.

113. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## CLASS ALLEGATIONS

114. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

115. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

116. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

117. The Class consists of more than thirty-five (35) persons.

118. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

119. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

120. Plaintiff will fairly and adequately protect and represent the interests of the Class.

## **DEMAND FOR TRIAL BY JURY**

121. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Marsil Vayda, individually and on behalf of all others

similarly situated, demands judgment from Defendant GC Services Limited Partnership as follows:

    1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Caelyn T. Canace, Esq. as Class Counsel;

    2.    Awarding Plaintiff and the Class statutory damages;

    3.    Awarding Plaintiff and the Class actual damages;

    4.    Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

    5.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   March 26, 2021

**LAW FIRM OF CAELYN T. CANACE**

*/s/ Caelyn T. Canace*
Caelyn T. Canace, Esq.
Office: 1599 East 15th St reet, Ste 5, Brooklyn, NY 11230
Mail: PO Box 414, Shoreham, NY 11786
Tel.: (646) 455-1011
Fax: (646) 676-4002
Email: canacelawfirm@gmail.com
*Counsel for Plaintiff*